Christopher M. Schierloh
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CONTINENTAL INSURANCE COMPANY a/s/o
LINTEX LINEN,

        Plaintiff,

    - against -

SAMRAT CONTAINER LINES, INC.,

        Defendant.
------------------------------------------------------------X

2011 Civ.

**COMPLAINT**

*Judge McMahon*

**11 CIV 1677**

RECEIVED MAR 10 2011 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and pursuant to the terms and conditions of defendant's bill of lading which provides for the Southern District of New York to have exclusive jurisdiction to hear all disputes whenever COGSA applies.

    2.    At all material times, CONTINENTAL INSURANCE COMPANY (hereinafter "Continental") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 40 Wall Street, 10th Floor, New York, New

York 10005 and is the subrogated underwriter of a consignment of bed linens laden on board the M/V MAERSK MONTANA, as more fully described below.

3. At all material times, LINTEX LINEN, (hereinafter "Lintex") was and is a corporation with an office and place of business located at 295 Fifth Avenue, Suite 1702, New York, New York 10016 and was the owner, consignee and/or assured of a consignment of bed linens laden on board the M/V MAERSK MONTANA, as more fully described below.

4. At all material times, defendant, SAMRAT CONTAINER LINES, INC., (hereinafter "Samrat") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2060 Oak Tree Road, 1st Floor, East Edison, New Jersey 08820 and owns, operates, manages and/or charters ships, including the M/V MAERSK MONTANA, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V MAERSK MONTANA, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court and at all relevant times acted in the capacity of a common carrier of goods by water.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### RELEVANT FACTS

6. On or about February 19, 2010, a consignment consisting of 850 cartons of bed linens laden into container number KNLU3389860 (hereinafter the "Container"), then being in good order and condition, was delivered to Samrat and/or its agents in Nhava Sheva, India for

transportation to Charleston, South Carolina, in consideration of an agreed freight, pursuant to Samrat bill of lading number MTSM/CHR9332MUM dated February 19, 2010.

7. Thereafter, the aforementioned consignment was loaded aboard the M/V MAERSK MONTANA, Samrat bill of lading number MTSM/CHR9332MUM was issued and the vessel sailed for its intended destination.

8. Upon discharge of the container in Charleston, it was discovered that the cargo was not in the same good order and condition as when received by the defendant, but instead had suffered physical damage during transit as a result of exposure to water during transit.

9. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and breach of bailment on behalf of the defendant.

10. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $8,666.64.

11. At all times relevant hereto, a contract of insurance for property damage was in effect between Lintex and Continental, which provided coverage for, among other things, loss or damage to the consignment.

12. Pursuant to the aforementioned contract of insurance between Lintex and Continental, monies have been expended on behalf of Lintex to the detriment of Continental due to the damages sustained during transit.

13. As Continental has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, Continental has an equitable right of

subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

14. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

**WHEREFORE,** Plaintiff prays:

1. The Court order, adjudge and decree that defendant, SAMRAT CONTAINER LINES, INC., be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

2. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      March 10, 2011
      299-870

                                **CASEY & BARNETT, LLC**
                                Attorneys for Plaintiff

                           By: _____
                                Christopher M. Schierloh
                                65 West 36th Street, 9th Floor
                                New York, New York 10018
                                (212) 286-0225